IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SONCY KOKOUVI, §<br>#221087850, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>PRAIRIELAND DETENTION §<br>CENTER, §<br>§<br>Respondent. § | No. 3:24-cv-2809-B (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* habeas petitioner Soncy Kokouvi is detained at the Prairieland Detention Center—an Immigration Customs and Enforcement (ICE) processing facility—apparently awaiting removal from the United States. He filed a letter to this Court in which he challenges the result of an unfavorable asylum interview. ECF No. 3 He contends that he is eligible for "asylum and withholding removal." *Id.* at 2. He subsequently filed another document, clarifying that he seeks a second asylum interview. ECF No. 6.

The Court construed Kokouvi's initial filing as a 28 U.S.C. § 2241 habeas application and issued an order and notice of deficiency (NOD) ordering him to (1) file his habeas petition on the Court-approved form, and (2) pay the $5.00 filing fee or move for leave to proceed *in forma pauperis* by December 19, 2024. ECF No. 4. The Court warned Kokouvi that his failure to comply could result in the

dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow court orders. *Id.*

Kokouvi's deadline to comply with the NOD has passed, and, while he has paid the habeas filing fee, he has not filed his habeas petition on the Court-approved form.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Kokouvi's failure to file his habeas application on the Court-approved form prevents this case from proceeding. The Court-approved form directs the petitioner to provide critical information, including the specific decision he is challenging and the basis for that challenge. Without this information—which is

2

not available from Kokouvi's other filings, the Court must speculate about the nature of Kokouvi's challenge and the basis for it. Accordingly, unless Kokouvi files a habeas application on the Court-approved form during the time to object to this recommendation (explained below), or by some other deadline established by the Court, the Court should dismiss his case without prejudice for failure to prosecute and failure to follow Court orders. *See*, *e.g.*, *Gallagher v. Dallas County*, 2023 WL 5337833, at *2 (N.D. Tex. June 26, 2023) ("The petitioner was given thirty days to file an amended § 2241 petition on the correct form and to either pay the filing fee or submit an IFP application supported by a certificate of inmate trust account or comparable form, such as a residency account summary. He was specifically warned that failure to do so could result in dismissal of this action. Because he failed to comply with the order, this case should be dismissed for failure to prosecute or follow an order of the court.").

## Recommendation

Unless petitioner Soncy Kokouvi files his habeas petition on the Court-approved form within the time to file objections to this recommendation (explained below), or by some other deadline established by the Court, the Court should dismiss his case without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution and for failure to follow Court orders.

3

The Clerk of the Court is **directed** to provide to Kokouvi, with service of this recommendation, a form petition for writ of habeas corpus under 28 U.S.C. § 2241 (AO 242 form).

SO RECOMMENDED.

December 31, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4